UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

GERARDO D. ABASCAL                          CIVIL ACTION

v.                                          NO. 12-1961

THE CONSULATE GENERAL OF SPAIN ET AL.       SECTION F

ORDER AND REASONS

Before the Court is plaintiff's motion to continue defendants' motion to dismiss. For the reasons that follow, the motion is GRANTED.

*I.*

This case involves alleged discrimination on the basis of age.

Gerardo D. Abascal, a permanent resident of the United States domiciled in New Orleans, was hired locally in 1969 by the Ministry of Foreign Affairs of Spain as an employee for the Consulate General of Spain in New Orleans.

In 2009, the Ministry decided to close the Consulate General office in New Orleans, effective December 31, 2009; however, the Ministry decided to keep its entire staff on the New Orleans payroll until September 30, 2010. Mr. Abascal was then reassigned as "Vice-Chancellor of the Consulate General of Spain in Houston with residence in New Orleans." His compensation and benefits remained the same as his former position.

1

Mr. Abascal worked continuously for the Ministry until January 5, 2011, when he alleges that he was "forced to retire." He asserts that he has searched for comparable employment and unsuccessfully applied for various positions.  On July 26, 2012, Mr. Abascal sued in the Court for Social Matters (Juzgado de Lo Social) in Madrid, Spain, naming as defendants the Consulate General of Spain, Ministry of Foreign Affairs of Spain, and the Kingdom of Spain.  Plaintiff sued the same defendants in this Court on July 27, 2012, alleging violations of the Age Discrimination in Employment Act.  The case before the court in Spain was "presented" on January 11, 2013, at which time the court took the matter under advisement.  On May 28, 2013, defendants filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6), alleging that jurisdiction and venue are improper, and that plaintiff fails to state a claim upon which relief can be granted.  The motion to dismiss was set for hearing on August 7, 2013.  Plaintiff now moves to continue the motion.

*II.*

Plaintiff requests to continue the hearing date on defendants' motion for ninety days, because the "principle of judicial economy would be best served by allowing the Honorable Spanish Court to render a decision" on the matter already tried there.  In addition, the case before this Court could be rendered

moot by the Spanish court's decision.  In response, defendants contend that this is a "dilatory tactic to delay the dismissal of Plaintiff's suit and to further harass Defendants."

Because this is plaintiff's first request to continue the hearing date on defendants' motion, and defendants fail to state how this continuance would result in prejudice, the Court grants plaintiff's motion.  The Fifth Circuit has expressly stated that a district court has the inherent power to "'control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel, and for litigants.'" Ambraco, Inc. v. Bossclip B.V., 570 F.3d 233, 243 (5th Cir. 2009) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936)).

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to continue the hearing date on defendants' motion to dismiss is GRANTED and this case is administratively closed pending final resolution of the litigation in Spain.  If necessary, this case may be reopened upon the filing of a timely and proper motion.

New Orleans, Louisiana, August 7, 2013

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

3